UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

CHAD WARNER )
)
v. ) NO. 2:09-CV-91
) *Judge Jordan*
SHERIFF STEVE BURNS and )
CAPT. NEAL MATTHEWS )

## MEMORANDUM and ORDER

Chad Warner, a prisoner in the Greene County Detention Center (GCDC), has filed this *pro se* civil rights suit for injunctive relief under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional conditions of confinement. Defendants are the Greene County Sheriff, Steve Burns, and Captain Neal Matthews.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). All payments should be sent to: Clerk, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

To ensure compliance with the fee-collection procedures, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined.

The "Statement of Claim" section of plaintiff's complaint reads, in its entirety:

> (1) Poor sanitation, the room I slept in has black mold on the walls, we've complained over and over about the mold. The defendants are in controled (sic) over this facility.
> (2) Over crowdness (sic) in the facility, I've slept on the floors for months and still sleep on the floor.
> (3) 3 to 4 weeks without clean uniforms, that's a hygene (sic) issue.
> (4) bad case of foot fungus.
> (5) Fire sprinkler system been off from Feb. 16, 2009 'til April 3rd 2009 which is a safety hazzard.
> (6) Having to pay for medication when sick. (Compl., ¶ IV).

Plaintiff asks the Court to send someone from the health department to investigate the poor sanitation and from the fire department to inspect the sprinkler

2

Case 2:09-cv-00091-RLJ   Document 4   Filed 04/30/12   Page 2 of 6   PageID #: 12

system. He also requests (impliedly) an order requiring the GCDC to provide a healthy and clean environment for all.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At the outset, plaintiff has sued defendants because they are in control of the GCDC. Thus, he is seeking to impose supervisory liability on the Sheriff and the Captain. However, this theory is unworkable in this particular lawsuit because § 1983 liability must be based on more than respondiat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir. 1995); *Hays v. Jefferson County, Ky.*, 668 F. 2d 869, 874 (6th Cir. 1982). Also, plaintiff must establish the personal involvement of each defendant in the supposed constitutional deprivation. *See Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (explaining that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others"). Plaintiff has failed to make the necessary showing.

The Court turns now to the allegations in the complaint—all of which involve assertions regarding wrongful living conditions. From these contentions, the Court infers that plaintiff is alleging claims for violations of his Eighth Amendment right not to be subjected to cruel and unusual punishment.

The Eighth Amendment to the U.S. Constitution proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To prevail on an Eighth Amendment claim, an inmate must show a "sufficiently serious" deprivation and a sufficiently culpable state of mind—one of deliberate indifference—on the part of the prison authorities. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).

Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). When prison conditions are concerned, an extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36 (emphasis in original). Furthermore, overcrowding, in and of itself, is not necessarily unconstitutional, *Johnson v. Heffron*, 88 F.3d 404, 407 (6th Cir. 1996), even if it

results in restrictive and harsh conditions, unless the inmate is thereby deprived of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Moreover, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists"— a need such as food, warmth, or exercise. *Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991).

The Court will assume, without finding, that the conditions complained of amount to sufficiently serious deprivations of life's basic needs, so as to satisfy the first component of an Eighth Amendment claim.

However, the Court finds no allegations from which to infer that either of the named defendants exhibited deliberate indifference—the second component—towards those deprivations. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 82. While plaintiff maintains that he complained to the lieutenant and other officers about his allegations, (Compl. at ¶ II.C.1), he does not identify defendants Burns or Matthews as being among those to whom he voiced his complaints.

Thus, because a defendant who does not actually know about wrongful confinement conditions cannot consciously disregard a risk of serious harm to an inmate's health or safety from exposure to those conditions, plaintiff has not demonstrated deliberate indifference. *Farmer*, 511 U.S. at 837 (deliberate

indifference shown where official is aware of facts from which to infer that a substantial risk of serious harm exists *and* where he actually draws the inference). Plaintiff, therefore, fails to state a Eighth Amendment claim in this regard.

A separate order will enter dismissing this complaint for plaintiff's failure to state a claim entitling him to relief under §1983.

**ENTER:**

/s/ Leon Jordan
LEON JORDAN
UNITED STATES DISTRICT JUDGE